IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-00115-10-CR-W- NKL |
| | ) | |
| LUIS MORGAN, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Defendant Luis Morgan ("Morgan") is charged with knowingly conspiring with others to distribute five kilograms or more of cocaine. On February 12, 2008, United States Magistrate Judge Sarah W. Hays recommended that the Court enter an Order denying Morgan's Motion to Suppress [Doc. # 138]. See Report and Recommendation [Doc. # 195]. The parties were advised that they could file written exceptions to the recommendation within ten (10) days pursuant to 28 U.S.C. § 636(b)(1)(C). Morgan filed objections on February 22, 2008.

Having conducted an independent review of the record, the Court concludes that the recommendation of the Magistrate Judge is correct and should be adopted. The sole issue before the Court is whether Morgan voluntarily, knowingly and intelligently waived the rights guaranteed under *Miranda v. Arizona*, 384 U.S. 436 (1966), because English is not his native language. Morgan claims that he "speaks and reads a limited amount of

1

English" and no translator was made available to Morgan at the time he waived his *Miranda* rights. (Doc. 207, 1). The Magistrate's Report and Recommendation found that when police officers approached Morgan in his vehicle and asked him to step out, he "stepped out of his vehicle and asked the officers in English why they were there." (Doc. 195, 2). The officers placed Morgan under arrest, read the indictment to him and read each of the required *Miranda* warnings. Morgan indicated that he understood each of these rights as they were being read to him, either by nodding yes or by verbally saying "yes." *Id*. Morgan indicated he understood his rights and that he wanted to talk to the officers. (Tr. 10). Morgan did not request an interpreter during or after officers read the *Miranda* waiver. (Tr. 11, 23). Morgan gave narrative responses to questions, not gestures or simple "yes" or "no" answers. (Tr., 21). Officer Branner testified that he had no reason to request an interpreter because Morgan appeared to understand all of his commands. (Tr., 11). Morgan identified several of the alleged co-conspirators and "continued to speak freely about his drug activities . . . ." (Tr., 4).

In his motion, Morgan argues that "language difficulties may impair the ability of a person in custody to waive these rights in a free and aware manner." *United States v. Heredia-Fernandez*, 756 F.2d 1412, 1415 (9th Cir. 1985). In this case, there is no evidence that Morgan suffered from any such "language difficulties." Indeed, the evidence establishes that Morgan knew the rights he was waiving and the Court will not impose additional burdens on arresting officers merely because "English . . . is not Mr. Morgan's native language." (Doc. 207, 4). Morgan gave the officers explicit details, in

English, about the other individuals involved in the alleged conspiracy. Morgan does not contest the voluntariness of his confession, only the adequacy of his *Miranda* warnings. The magistrate judge correctly found that Morgan voluntarily, knowingly and intelligently waived his *Miranda* rights.

Accordingly, it is

ORDERED that Judge Hays's Report and Recommendation of February 12, 2008 [Doc. # 195], is ADOPTED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: March 12, 2008
Jefferson City, Missouri