IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-00115-10-CR-W-NKL |
| ) | |
| LUIS MORGAN, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court is Defendant Luis Morgan's ("Morgan") Pro Se[1] Motion for New Trial [Doc. # 376]. Morgan was charged with conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. On February 9, 2009, after a six-day jury trial, Morgan was found guilty. Morgan argues that he is entitled to a new trial because the evidence at trial was insufficient to support the jury's guilty verdict and because the Court erred in denying his motion to suppress. For the reasons stated herein, Morgan's motion is denied.

**I.    Discussion**

Federal Rule of Criminal Procedure 33(a) states "the Court may . . . grant a new trial [to a defendant] if the interest of justice so requires." The trial court has broad discretion to

---

[1] Morgan's Motion states that it was filed "by and through his [appointed] counsel, Ronald Partee," but it is signed only by Mr. Morgan and appears to be a *pro se* motion.

1

grant or deny a motion for new trial based upon the weight of the evidence, and "the trial court can rely on its own reading of the evidence - it can weight the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992) (quotation omitted). However, the trial court should exercise this discretion "sparingly and with caution" and only "if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002); *United States v. Anthony*, 537 F.3d 863, 867 (8th Cir. 2008).

Morgan argues he is entitled to a new trial for two reasons. First, he argues the Court erred in denying his motion to suppress on March 12, 2008 [Doc. # 138]. The sole issue before the Court on Morgan's motion was whether Morgan had voluntarily, knowingly, and intelligently waived the rights guaranteed him under *Miranda v. Arizona*, 384 U.S. 436 (1966), because English is not his native language. Morgan claimed that he spoke and read only a limited amount of English and that no translator had been made available when he waived his *Miranda* rights. He argued that "language difficulties may impair the ability of a person in custody to waive [their *Miranda*] rights in a free and aware manner." *United States v. Heredia-Fernandez*, 756 F.2d 1412, 1415 (9th Cir. 1985). Based upon Magistrate Judge Hays's Report and Recommendation, this Court correctly determined that Morgan's argument for suppression was without merit. Morgan demonstrated during his arrest that he understood English, and that he understood his *Miranda* rights as they were read to him. When the officers asked him to step out of his vehicle, Morgan did so and asked the officers

2

in English why they were there. Morgan gave narrative responses in English – not simply "yes" or "no" answers – to the officers' questions, and provided detailed information on other members of the conspiracy in English.

Morgan also moves for a new trial on the grounds that there was insufficient evidence at trial to sustain his conviction. Officer Justin Branner testified at trial that Morgan had confessed his involvement in a drug conspiracy. Raymond Sparks, a co-conspirator, testified that he had purchased cocaine from Morgan. The jury heard tape recordings of Morgan talking with Sparks about the sale and delivery of drugs. The evidence in this case did not weigh so "heavily . . . against the verdict that a miscarriage of justice may have occurred;" rather, the evidence presented to the jury clearly supported its verdict. *Campos*, 306 F.3d at 579.

## II. Conclusion

Accordingly, it is hereby ORDERED that Morgan's Motion for New Trial [Doc. # 376] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: April 9, 2009
Jefferson City, Missouri

3